### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE D. GOLDSMITH,<br>        Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-7429 |
| | : | |
| EQUIFAX INFORMATION | : | |
| SERVICES, LLC, | : | |
|         Defendant. | : | |

### <u>MEMORANDUM</u>

**BAYLSON, J.**                                                                    **JUNE     9, 2026**

In a prior Memorandum and Order filed March 18, 2026 (ECF Nos. 7, 8), the Court

dismissed the Complaint filed by Andre D. Goldsmith because it failed to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF No. 7 at 1.)  Goldsmith was granted leave to proceed *in*

*forma pauperis* and leave to file an amended complaint to cure the deficiencies identified by the

Court with respect to his claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x

("FCRA").  He has since filed an Amended Complaint (ECF No. 9 ("Am. Compl.")), along with

nearly 300 pages of Exhibits (ECF No. 9 at 4-302).  For the following reasons, the Amended

Complaint will be dismissed for failure to state plausible claims.

### I.    FACTUAL ALLEGATIONS[1]

Goldsmith's allegations are again brief.  He asserts that this case arises under the FCRA

and alleges that Equifax Information Systems LLC ("Equifax") is a consumer reporting agency.

(Am. Compl. at 1.)  Under a heading titled "Factual Allegations," Goldsmith alleges that he

discovered "inaccurate and incomplete information on his Equifax credit report."  (*Id.*)  He

---

[1] The factual allegations set forth in this Memorandum are taken from Goldsmith's Amended
Complaint.  (ECF No. 9.)  The Court adopts the sequential pagination assigned to the Amended
Complaint by the CM/ECF docketing system.

asserts that Equifax "removed multiple positive tradelines" including a Capital One authorized user account and a TruMark Credit Union account that appears to have been closed in 2023.[2] (*Id.*) Goldsmith contends that he did not request removal of these accounts and that by failing to report his "active Capital One account," Equifax suppressed "positive credit history." (*Id.* at 1-2.) He asserts that he submitted multiple disputes and CFPB complaints "establishing notice of inaccuracies," but Equifax "failed to conduct reasonable reinvestigations." (*Id.* at 2.) Goldsmith maintains that Equifax continued reporting inaccurate information and failed to restore positive accounts, and that its "actions demonstrate a pattern of willful and negligent compliance." (*Id.*) Goldsmith then directs the Court to "[s]ee Exhibits A-F." (*Id.*) The exhibits total 298 pages and include highlighted credit reports and alleged inaccuracies,[3] dispute letters, CFPB complaints, and investigation results. (*Id.* at 4-302.)

Goldsmith lists generalized failures and/or errors in the form of sentence fragments without further detail or explanation. (*Id.* at 2-3.) He alleges removal of positive tradelines, failure to reinvestigate, inaccurate reporting, suppression of active accounts, and failure to correct errors, asserting that these violations are somehow supported by "evidence" contained in one of his exhibits. (*Id.*) Goldsmith contends, again without explanation, that the following statutes have been violated: 15 U.S.C. §§ 1681e(b), 1681i(a), 1681g, 1681n, and 1681o. (*Id.* at 2.) He states in conclusory fashion that he suffered "loss of creditworthiness, reduced credit

---

[2] The exhibits contain a June 6, 2025 Equifax report listing the "TruMark Financial Credit U" account as closed, indicating that the date of the last payment and account closure occurred on May 31, 2023. (Am. Compl. at 12.)

[3] On one exhibit, there is a handwritten notation that "inaccurate information reported will be highlighted." (Am. Compl. at 19.) It is unclear whether Goldsmith is asserting that all of the highlighted material contained in the exhibits is inaccurate or if the notation only refers to that particular page. Also, Goldsmith does not provide any further explanation as to how or why the highlighted material is inaccurate.

score, denial of credit opportunities, emotional distress, and financial harm." (*Id*. at 3.)  He seeks

monetary damages in an unspecified amount. (*Id.*)

## II.     STANDARD OF REVIEW

Because the Court granted Goldsmith leave to proceed *in forma pauperis*, the Amended

Complaint is subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii) and must be

dismissed if it fails to state a claim.  Whether a complaint fails to state a claim under §

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Talley v. Wetzel*, 15 F.4th

275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the

*pro se* Amended Complaint as true, draw all reasonable inferences in the plaintiff's favor, and

ask only whether the Amended Complaint "contains facts sufficient to state a plausible claim."

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other*

*grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory

allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986

F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the

conclusion to an ultimate legal issue.").

Because Goldsmith is proceeding *pro se*, the Court construes his allegations liberally.

*Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704

F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when

the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244).  However, "pro se

litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

An amended complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (quoting Fed. R. Civ. P. 8(d)(1) (stating that "[e]ach averment must be 'simple, concise, and direct.'")). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Gowans v. Axsom,* No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests.") (quoting *Garrett*, 938 F.3d at 92)). In other words, a complaint must contain sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature

of the plaintiff's claim." *Testa v. Internal Revenue Serv.,* No. 22-3382, 2023 WL 8271966, at *1

(3d Cir. Nov. 30, 2023) (quoting Fed. R. Civ. P. 8(d)(1) (internal quotations and citations

omitted).  Dismissals under Rule 8 are "reserved for those cases in which the complaint is so

confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

1988)).

## III.   DISCUSSION

Goldsmith's Amended Complaint fails to allege any plausible FCRA claims.  As stated

above, the Court's March 18, 2026 Memorandum and Order provided Goldsmith an opportunity

to cure the pleading deficiencies with respect to his FRCA claims by filing an amended

complaint.  (ECF Nos. 7, 8.)  The Court's Memorandum supplied Goldsmith with the pleading

requirements that he was required to set forth to state claims for relief under 15 U.S.C. §§

1681e(b), 1681i(a), and 1681g.  (ECF No. 7 at 4-8.)  Goldsmith was further instructed that to set

forth a plausible claim, he must do more than assert "an unadorned, the defendant-unlawfully-

harmed-me accusation" in his pleading.  (ECF No. 7 at 8 (citing *Iqbal*, 556 U.S. at 678 ("A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x

116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the

matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No.

21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set

forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's

FCRA claims)).  Goldsmith was also told that he must have standing to bring an FCRA claim

and if he opted to file an amended complaint, he was required to sufficiently tie his alleged injuries to the conduct of Equifax.  (ECF No. 7 at 8-9 n.3.)

Goldsmith's Amended Complaint does not cure his previous pleading deficiencies. Despite being provided with instruction on the elements required to successfully plead claims arising under the FCRA, he again asserts in conclusory fashion numerous failures and/or errors without providing any factual detail.  Again, Goldsmith has not set forth facts describing how and why any information included in his consumer report was inaccurate,[4] nor alleged any facts about how Equifax was liable for the inaccuracies.  *See Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*) ("Williams did not allege how or why that information was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy." (footnote omitted)).  As the Third Circuit noted in *Williams*, FCRA claims against a consumer reporting agency are not plausible where the plaintiff fails to specify the reason why the furnished account information was inaccurate, for example, "he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Williams*, 2024 WL 3439776 at *1, n.2; *see also Frazier v. Equifax Info. Servs.*, No. 24-4711, 2024 WL 4374116, at *5 (E.D. Pa. Oct. 1, 2024) (citing *Williams* and stating "Frazier's Complaint is undeveloped and similarly lacks factual support. The Complaint does not sufficiently allege how the information is inaccurate and does not permit the reasonable

---

[4] Liberally construing the Amended Complaint, it seems that Goldsmith's primary focus with respect to inaccurate or incomplete information is the alleged removal of "multiple positive tradelines including Capital One authorized user accounts and a TruMark Credit Union account valued over $100,000."  (Am. Compl. at 1.)  Goldsmith does not provide any further explanation as to how the alleged removal of these accounts suppressed his "positive credit history."

6

inference that the information contained in Frazier's Equifax consumer report pertaining to the Verizon Wireless and Kickoff Lending accounts is 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to have an adverse effect.'").

Goldsmith's mere citations to various sections of the FCRA and allegations that Equifax failed to comply with the statutory requirements of § 1681e(b), § 1681i(a), and § 1681g, combined with entirely conclusory sentence fragments, are insufficient to state a plausible claim. Goldsmith attaches nearly 300 pages of exhibits, directing the Court to refer to the voluminous materials as "evidence" of Equifax's alleged wrongdoing.  (Am. Compl. at 2-3.)  However, a complaint cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants.  *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").  "Judges are not like pigs, hunting for truffles buried in the record." *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (internal quotation marks and citation omitted).

Because Goldsmith's Amended Complaint lacks short and plain statements explaining the basis for his claims, it does not comply with Rule 8 and will be dismissed.  Having already provided Goldsmith with the opportunity to file an amended complaint to clearly set out the factual bases of any claims he wanted to present, the dismissal will be with prejudice.  *See*

*Gowans*, 2025 WL 2848907, at \*2 ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*))); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, slip op. at 5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("[B]ecause Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper."). An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**/s/ Michael M. Baylson**

_____

**MICHAEL M. BAYLSON, J.**
